**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Case No.: _____ |
| HOWARD PAUL IVANY, ) | |
| ) | Chapter 15 |
| Debtor in Foreign Proceeding. ) | |
| _____/ | |

**VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND CHAPTER 15 RELIEF PURSUANT TO SECTIONS 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE**

SCHONFELD INC., in its capacity as trustee and authorized foreign representative (the "**Foreign Representative**") for the above-captioned debtor (the "**Debtor**") in a proceeding (the "**Canadian Proceeding**") commenced under Canada's Bankruptcy and Insolvency Act R.S.C., 1985, c. B-3, as amended (the "**BIA**"), and pending before the Ontario Superior Court of Justice (the "**Canadian Court**"), through undersigned counsel, pursuant to sections 1515 and 1517 of title 11 of the United States Code (the "**Bankruptcy Code**"), requests the entry of an order recognizing the Canadian Proceeding as a foreign main proceeding, or, in the alternative, as a foreign nonmain proceeding, thereby granting relief pursuant to section 1520 of the Bankruptcy Code, and granting additional relief under section 1521 of the Bankruptcy Code. In support, the Foreign Representative states as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

3. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1410.

## II. BACKGROUND

4. On June 8, 2012, an application was commenced by 1771085 Ontario Limited, a creditor, in the Canadian Court for a Bankruptcy Order against the Debtor.

5. On December 12, 2012, the Canadian Court entered a Bankruptcy Order against the Debtor under the BIA, thereby adjudging the Debtor bankrupt, commencing the Canadian Proceeding pending in the foreign court as defined under 11 U.S.C. § 1502. A certified copy of the Bankruptcy Order is attached hereto as **Exhibit "A,"** pursuant to 11 U.S.C. § 1515(b)(1).

6. The Debtor filed a Notice of Appeal from the Bankruptcy Order, however, the appeal was dismissed by the Registrar of the Ontario Court of Appeal on October 9, 2013. A certified copy of the order dismissing the Appeal is attached hereto as **Exhibit "B**," pursuant to 11 U.S.C. § 1515(b)(1).

7. On December 2, 2013, Schonfeld Inc. was appointed by the Canadian Court as the Trustee in Bankruptcy, in substitution of the trustee named in the Bankruptcy Order. A certified copy of the order appointing Schonfeld Inc. as trustee is attached hereto as **Exhibit "C,"** pursuant to 11 U.S.C. § 1515(b)(2).

8. The involuntary petition against the Debtor in the Canadian Proceeding was based on an unsatisfied judgment dated February 8, 2012. A copy of that judgment is attached hereto as **Exhibit "D"**.

9. The Debtor is a Canadian citizen and resident. Canada is the center of the Debtor's main interests and the Debtor has an establishment in Canada.

10.     The Foreign Representative believes that the Middle District of Florida is the district in which the Debtor has his principal assets in the United States. Specifically, the Debtor appears to have interests in real estate, vehicles, vessels and investments, directly and/or through various corporations and persons, located in the Middle District of Florida.

11.     In addition, the Foreign Representative has reason to believe there may be other assets of the Debtor located elsewhere in Florida or the United States, but substantial investigation is necessary.

12.     The Foreign Representative has filed a petition for recognition via Official Form 1 and this Verified Petition for Recognition of a Foreign Main Proceeding, seeking recognition as a foreign main proceeding, or in the alternative as a foreign nonmain proceeding, and for related relief (the "**Petition**") to protect the Debtor's assets for the benefit of creditors.

13.     The Foreign Representative's Statement in support of the Petition, pursuant to section 1515(c) of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure, is attached hereto as **Exhibit "E."**

### III.  RELIEF REQUESTED

14.     In furtherance of its duties as trustee, the Foreign Representative seeks an order from this Court pursuant to sections 105(a), 1507, 1515, 1517, 1520 and 1521 of the Bankruptcy Code (the "**Recognition Order**") granting the following relief, which is necessary to best advance the interests of creditors of the Debtor:

a. The recognition of the Canadian Proceeding as a foreign main proceeding, or, in the alternative, as a foreign nonmain proceeding, as defined by section 1502 of the Bankruptcy Code;

b. The relief specified in sections 1520 and 1521 of the Bankruptcy Code, including:

   i. a declaration that sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States;

   ii. a declaration that sections 363, 549 and 552 of the Bankruptcy Code apply to a transfer of an interest of the Debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate;

   iii. a declaration that the Foreign Representative may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code;

   iv. a declaration that section 552 of the Bankruptcy Code applies to property of the Debtor that is within the territorial jurisdiction of the United States;

   v. a stay of the commencement or continuation of any action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities;

   vi. a stay execution against the assets of the Debtor;

   vii. suspending the right to transfer, encumber or otherwise dispose of any the Debtor's assets;

   viii. providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the Debtor's assets, affairs, rights, obligations, or liabilities;

   ix. entrusting the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to the Foreign Representative; and

   x. granting any additional relief that may be available to a trustee, except for the relief available under sections 522, 544, 545, 547, 548, 550, and 724(a) of the Bankruptcy Code, as the Court may deem just and proper.

### IV. BASIS FOR RELIEF

**A. This Court has Jurisdiction to Recognize the Foreign Proceeding and Grant the Relief Requested**

15. This Court has jurisdiction to hear and determine cases commenced under the Bankruptcy Code as well as related proceedings. See 28 U.S.C. § 1334 (conferring to the district courts original and exclusive jurisdiction over bankruptcy cases) and 28 U.S.C. § 157 (providing that a district court may refer bankruptcy cases and related proceedings to a bankruptcy judge).  By their statutory nature, chapter 15 cases arise under the Bankruptcy Code.  Furthermore, recognition of foreign proceedings and other matters under chapter 15 are core proceedings that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(P).

16. Venue with respect to the Debtor is proper in the Middle District of Florida, because the Debtor's principal assets within the United States are located within the district. 28 U.S.C. § 1410(1).

### B. This Court Should Enter an Order Recognizing the Canadian Proceeding as a Foreign Main Proceeding

17. Chapter 15 applies where, as here, "assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding." 11 U.S.C. § 1501(b)(1). Section 1517(a) of the Bankruptcy Code provides that this Court shall enter an order recognizing a foreign proceeding if: "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or a foreign nonmain proceeding within the meaning of section 1502 [of the Bankruptcy Code]; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515 [of the Bankruptcy Code]." 11 U.S.C. § 1517(a).

18. The Foreign Representative has satisfied the requirements for recognition of the Canadian Proceeding contained in Chapter 15 of the Bankruptcy Code.

#### 1. The Canadian Proceeding is a foreign proceeding under 11 U.S.C. §101(23)

19. A foreign proceeding is "a collective judicial or administrative proceeding in a foreign country under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23). Section 1516(a) of the Bankruptcy Code provides: "If the decision or certificate referred to in Section 1515(b) indicates that the foreign proceeding is a foreign proceeding ... the court is entitled to so presume."

20. A certified copy of the decision that commenced the Canadian Proceeding and initially appointed the Foreign Representative is attached as Exhibit "A." Thus,

pursuant to section 1516 of the Bankruptcy Code, this Court may presume that the Canadian Proceeding is a foreign proceeding.

### 2. Schonfeld Inc. is a Foreign Representative Under 11 U.S.C. § 101(24)

21. Section 101(24) of the Bankruptcy Code, defines a foreign representative, in pertinent part, as a "person or body ... authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." The Foreign Representative is a "person" as defined in 11 U.S.C. § 101(41). The Foreign Representative was duly appointed as trustee pursuant to the order of the Canadian Court and is an authorized foreign representative within the meaning of section 101(24) of the Bankruptcy Code.

### 3. This Petition Meets the Requirements of 11 U.S.C. § 1515

22. This chapter 15 case was properly commenced as required by sections 1504 and 1509 of the Bankruptcy Code by the filing of the Petition under section 1515(a). Section 1504 of the Bankruptcy Code provides that "[a] case under this chapter is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515." Section 1509(a) of the Bankruptcy Code provides that "[a] foreign representative may commence a case under section 1504 by filing directly with the court a petition for recognition of a foreign proceeding under section 1515."

23. Section 1515 of the Bankruptcy Code provides, in pertinent part:

    (a)    A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.

    (b)    A petition for recognition shall be accompanied by a -

      (1)    certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

      (2)    a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative;

…

      (c)    A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

11 U.S.C. § 1515

24. "The minimal requirements of section 1515, coupled with the presumptions as to certain evidence submitted to support recognition, 11 U.S.C. § 1516, were 'designed to make recognition as simple and expedient as possible ...'" *United States of America v. JA. Jones Constr. Group. LLC*, 333 B.R. 637, 639 (E.D.N.Y.2005).

25. The documents required by section 1515(b) of the Bankruptcy Code are attached as Exhibits A, B, C and D.

26. The Statement required by section 1515(c) of the Bankruptcy Code identifying all foreign proceedings with respect to the Debtor that are known to the Foreign Representative is set forth in Exhibit E.

27. The Foreign Representative has filed all documents required by section 1515 of the Bankruptcy Code.

### 4. The Canadian Proceeding is a Foreign Main Proceeding

28. Section 1517 (b)(1) of the Bankruptcy Code provides that a "foreign proceeding shall be recognized as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests." Section 1502 of the Bankruptcy Code defines a "foreign main proceeding" as "a foreign proceeding pending

8

in the country where the debtor has the center of its main interests." Pursuant to section 1516(c) of the Bankruptcy Code, the Debtor's place of habitual residence is presumed to be the center of his main interests. The Debtor is a Canadian citizen and resident. Accordingly, the Canadian Proceeding qualifies as a "foreign main proceeding."

### C. The Foreign Representative is Entitled to Relief Under 11 U.S.C. § 1520

29. The Foreign Representative is entitled to the relief under section 1520 of the Bankruptcy Code, which provides that:

> (a) Upon recognition of a foreign proceeding that is a foreign main proceeding -
>
> (1) sections 361 and 362 [of the Bankruptcy Code] apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;
>
> (2) sections 363, 549 and 552 [of the Bankruptcy Code] apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate under the Bankruptcy Code;
>
> (3) unless the court orders otherwise, the foreign representative may exercise the powers of a trustee under and to the extent provided in sections 363 and 552 of the Bankruptcy Code; and
>
> (4) section 552 [of the Bankruptcy Code] applies to property of the Debtor that is within the territorial jurisdiction of the United States.

### D. Additional Relief Should be Granted Under 11 U.S.C. § 1521

30. In addition to the relief granted under section 1520 of the Bankruptcy Code, further related relief is necessary to assist the Foreign Representative and the Canadian Court in protecting and maximizing the value of the assets available to satisfy

claims, and otherwise ensure the fair treatment of creditors. This relief is available pursuant to section 1521 of the Bankruptcy Code.

31. Upon this Court's recognition of the Canadian Proceeding as a foreign proceeding, this Court may, at the request of the Foreign Representative, grant "any appropriate relief," provided that this Court determines that doing so is necessary to effectuate the purpose of chapter 15 and to protect the Debtor's assets or the interests of creditors. 11 U.S.C. §1521(a). The Court, however, may only grant such relief if the interests of creditors and other interested entities, including the debtor, are sufficiently protected. 11 U.S.C. § 1522.

32. Relief under section 1521 of the Bankruptcy Code is required to assist the Canadian Court and the Foreign Representative in ensuring the effective implementation of the Canadian Proceeding. Without the relief provided for in section 1521, the Canadian Court would neither be able to ensure the fair and efficient administration of the Canadian Proceeding in a manner that protects the interests of all of the Debtor's creditors or protect and maximize the value of the Debtor's estate in the United States. Accordingly, this Court should grant the further relief provided for in section 1521.

33. The Foreign Representative respectfully requests that the Recognition Order provide for the following additional relief under section 1521 of the Bankruptcy Code:

    a. staying the commencement or continuation of any proceeding concerning the assets, rights, obligations, or liabilities, to the extent they are not stayed under section 1520(a) of the Bankruptcy Code;

      b.    staying the execution against the Debtor's assets, to the extent it is not stayed under section 1520(a) of the Bankruptcy Code;

      c.    suspending the right to transfer, encumber or otherwise dispose of any of the Debtor's assets, to the extent this right is not suspended under section 1520(a) of the Bankruptcy Code;

      d.    authorizing the Foreign Representative to examine witnesses, take evidence or the delivery of information concerning the Debtor's assets, affairs, rights, obligations, or liabilities;

      e.    entrusting administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to the Foreign Representative;

      f.    provides that: (1) the Recognition Order shall be effective immediately and enforceable upon its entry; (2) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Recognition Order; and (3) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Recognition Order; and

      g.    granting such other and further relief as the Court deems just and proper.

**E.    In the Alternative, this Court Should Enter an Order Recognizing the Canadian Proceeding as a Foreign Nonmain Proceeding**

34.    If the Court finds that the Canadian Proceeding is not a foreign main proceeding, the Foreign Representative requests that the Court find that the Canadian

Proceeding is a foreign nonmain proceeding, and grant the same relief that is provided under section 1520 of the Bankruptcy Code in a foreign main proceeding, as well as the relief and requested above under section 1521 of the Bankruptcy Code.

35. Section 1517(b)(2) of the Bankruptcy Code provides that a "foreign proceeding shall be recognized as a foreign nonmain proceeding if the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending." Section 1502(5) defines "foreign nonmain proceeding" as "a foreign proceeding, other than a foreign main proceeding, pending in the country where the debtor has an establishment."

36. The Debtor has an establishment in Canada.

37. Accordingly, in the alternative, the Canadian Proceeding should be recognized as a foreign nonmain proceeding as defined in section 1502(5) of the Bankruptcy Code and under section 1517(b )(2) of the Bankruptcy Code.

### F. The Relief Requested By The Foreign Representative is Not Contrary to Public Policy

38. Section 1506 of the Bankruptcy Court provides that "[n]othing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to public policy." But the legislative history makes clear that the public policy exception to recognition is to be narrowly construed and apply only to the "most fundamental policies of the United States." H.R. Rep. No, 109-31, at 1506 (2005).

39. Recognizing the Canadian Proceeding as a foreign proceeding will not violate United States public policy. In fact, granting such recognition would be consistent with public policy by having a United States court cooperate with a foreign court,

creating greater legal certainty for trade and investment, and promoting fair and efficient administration of cross-border insolvency cases. *See* 11 U.S.C. § 1501(a).

## V. NOTICE AND HEARING

40. The Foreign Representative requests a hearing on the Petition upon notice to the Debtor, all of the Debtor's known creditors, the United States Trustee, and such other entities as the Court may direct, in accordance with Bankruptcy Rule 2002(q)(1).

## VI. CONCLUSION

41. The Foreign Representative believes that granting the relief sought herein is in the best interests of the Debtor's creditors and will best assure an equitable administration of the Debtor's estate.

WHEREFORE, SCHONFELD INC., in its capacity as trustee and authorized foreign representative, respectfully requests the entry of an order recognizing the Canadian Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding, and granting relief pursuant to sections 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Recognition Order (Exhibit "F"), and (iii) granting such other relief as the Court deems just and proper.

Date: June __, 2014.

        Respectfully submitted,

        **ARNSTEIN & LEHR LLP**
        *Counsel for Foreign Representative*
        200 S. Biscayne Blvd., Suite 3600
        Miami, Florida 33131
        Telephone:   305.428.4500
        Facsimile:    305.374.4744
        E-Mail: pmhudson@arnstein.com

By:    /s/ Phillip M. Hudson III
      Phillip M. Hudson III
      Florida Bar No.: 518743

11647595.4

## VERIFICATION BY FOREIGN REPRESENTATIVE

1. I am the duly authorized representative of Schonfeld Inc., the trustee in bankruptcy and the foreign representative of Howard Paul Ivany in an insolvency proceeding pending in Canada, and I am authorized, on its behalf, to file the foregoing Petition.

2. I have read the foregoing Petition and am informed and believe that the factual allegations contained in the Petition are true and correct.

3. I verify under penalty of perjury under the laws of the United States of America that the statements in the Petition are true and correct.

Dated: June 16, 2014

_____
Robert G. Link, authorized representative of
the Foreign Representative